Filed 1/28/21  P. v. McClary CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### FIRST APPELLATE DISTRICT

### DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br>v.<br><br>ROBERT ANTHONY MCCLARY,<br><br>    Defendant and Appellant. | A158242<br><br>(Contra Costa County<br>Super. Ct. No. 5-170844-5) |

Defendant Robert McClary was charged with murder and pleaded no contest to voluntary manslaughter as part of a plea agreement.  He later petitioned for resentencing under Senate Bill No. 1437, which made certain changes to the felony murder rule and the natural and probable consequences doctrine.  The trial court denied McClary's petition, concluding that he is not eligible for relief under Senate Bill No. 1437 because he was not convicted of murder.  We affirm.

## BACKGROUND

On May 22, 2017, the Contra Costa District Attorney filed an information alleging that on August 18, 2015, McClary and Montino Keith Lewis committed felony murder in the course of a burglary and an attempted robbery (Pen. Code, § 187, subd. (a))[1] (count 1), attempted first degree

---

[1] Further undesignated statutory references are to the Penal Code.

residential robbery (§§ 211, 664) (count 2), and first degree burglary (§ 459) (count 3), along with various firearm enhancements.

On April 10, 2018, McClary entered into a plea agreement whereby he pleaded no contest to count 3 and a new count 4—voluntary manslaughter (§ 192, subd. (a))—and admitted two prior conviction enhancements (§ 667, subd. (a)(1)), in exchange for a sentence of 14 years 4 months. That same day, the trial court sentenced McClary to 14 years 4 months in prison—1 year 4 months on count 3, 3 years on count 4, plus 5 years each for the two prior conviction enhancements. The remaining charges were dismissed.

On September 30, 2018, Senate Bill No. 1437 was signed into law. " 'Senate Bill [No.] 1437 was enacted to "amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) Substantively, Senate Bill [No.] 1437 accomplishes this by amending section 188, which defines malice, and section 189, which defines the degrees of murder, and as now amended, addresses felony murder liability. Senate Bill [No.] 1437 also adds . . . section 1170.95, which allows those "convicted of felony murder or murder under a natural and probable consequences theory . . . [to] file a petition with the court that sentenced the petitioner to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts . . . ." (§ 1170.95, subd. (a).)' " (*People v. Anthony* (2019) 32 Cal.App.5th 1102, 1148, quoting *People v. Martinez* (2019) 31 Cal.App.5th 719, 723–724.)

On January 17, 2019, McClary filed a petition for resentencing under section 1170.95, using a standard form and checking a box to request that

2

counsel be appointed to represent him. The trial court appointed counsel, and the parties filed briefs.

On July 16, 2019, in a 10-page written order, the trial court denied McClary's petition, concluding that he was not eligible for resentencing under section 1170.95 because the statute applies only to those convicted of murder.

McClary appeals.

## DISCUSSION

McClary argues that (1) the trial court erred in concluding that he is not eligible for relief under section 1170.95 because he was not convicted of murder, and (2) excluding him from relief under section 1170.95 violates his constitutional right to equal protection. These are questions of law that we review de novo. (See *People v. Turner* (2020) 45 Cal.App.5th 428, 435 (*Turner*); *People v. Health Laboratories of North America, Inc.* (2001) 87 Cal.App.4th 442, 445.)

Section 1170.95, subdivision (a) provides:

"A person convicted of felony murder or murder under a natural and probable consequences theory may file a petition with the court that sentenced the petitioner to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts when all of the following conditions apply:

"(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine.

"(2) The petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder.

3

"(3)  The petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019."

McClary argues that section 1170.95 should be read to apply to those convicted of voluntary manslaughter through a plea agreement, focusing on the phrase "or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder" in section 1170.95, subdivision (a)(2).  He also relies heavily on the legislative finding that there is a need for "statutory changes to more equitably sentence offenders in accordance with their involvement in *homicides*," a term which includes manslaughter.  (Stats. 2018, ch. 1015, § 1, subd. (b), emphasis added.)

We need not address these arguments in detail, because approximately six weeks before McClary's opening brief was filed, we extensively considered and rejected them in *People v. Paige* (2020) 51 Cal.App.5th 194, 200–204 (*Paige*)—a case that McClary's opening brief does not even mention, let alone make any effort to distinguish.  In *Paige*, the defendant was, as here, charged with murder but pleaded guilty to voluntary manslaughter as part of a plea agreement, and sought resentencing pursuant to section 1170.95 after the passage of Senate Bill No. 1437.  (*Id*. at pp. 198–199.)  We concluded that the plain text of section 1170.95 is unambiguous and applies only to murder convictions.  (*Id*. at pp. 201–202.)  We found that "read in the context of the statute as a whole, considering both its structure and its language, [section 1170.95,] subdivision (a)(2) cannot reasonably be understood to encompass persons who accept a plea offer in lieu of trial for a crime other than murder."  (*Id*. at p. 202.)  We went on to "reject Paige's argument based on a snippet of language from the uncodified section of Senate Bill No. 1437

4

stating the purpose of the bill is to more equitably sentence offenders 'in accordance with their involvement in *homicides*' (Stats. 2018, ch. 1015, § 1, subd. (b), italics added), that the statute extends beyond murder." (*Paige*, *supra*, 51 Cal.App.5th at pp. 202–203.) We concluded: "In short, we agree with our colleagues in the Second, Fourth and Fifth Districts holding that defendants charged with felony murder but convicted of voluntary manslaughter pursuant to a plea agreement are not eligible for relief under section 1170.95." (*Id*. at p. 204; see *People v. Cervantes* (2020) 44 Cal.App.5th 884, 887 ["The plain language of [section 1170.95] is explicit; its scope is limited to murder convictions"]; *Turner*, *supra*, 45 Cal.App.5th at pp. 435–436; *People v. Flores* (2020) 44 Cal.App.5th 985, 992–997; *People v. Sanchez* (2020) 48 Cal.App.5th 914, 917–920.) And we considered and rejected the defendant's argument that our interpretation of section 1170.95 violated the equal protection provisions of the federal and California constitutions. (*Paige*, *supra*, 51 Cal.App.5th at pp. 205–206.)

On reply, McClary purports to address our decision in *Paige*. He argues that our interpretation of section 1170.95 renders the phrase "or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder" superfluous, because if the Legislature meant to include only those defendants actually convicted of murder, there was no need to distinguish between convictions after trial and convictions obtained through plea agreements. He further argues that the use of the phrase "vacating the conviction" in the Legislative Counsel's Digest of Senate Bill No. 1437 demonstrates a legislative intent that the statute applies to manslaughter convictions. And he argues that our interpretation would lead to absurd results because those convicted of felony murder could

5

end up serving shorter sentences than defendants who instead plead guilty to voluntary manslaughter.

Our decision in *Paige* answers these arguments. We acknowledged that "read in isolation," section 1170.95, subdivision (a)(2) could be read to include defendants who plead guilty to manslaughter, but concluded that "read in the context of the statute as a whole, considering both its structure and its language, section 1170.95, subdivision (a)(2) cannot reasonably be understood to encompass persons who accept a plea offer in lieu of trial for a crime other than murder." (*Paige, supra,* 51 Cal.App.5th at p. 202.) We found this interpretation supported by the legislative history, and relied on the *Turner* court's examination of the "full history" of the statute to reach the same conclusion. (*Paige,* at pp. 202–203; see *Turner, supra,* 45 Cal.App.5th at pp. 436–438.) And we rejected the argument that our interpretation would lead to absurd results. (*Paige, supra,* 51 Cal.App.5th at p. 204; see *Turner, supra,* 45 Cal.App.5th at pp. 438–439.) In sum, McClary does not persuade us to reconsider *Paige,* and that decision is dispositive of his appeal.

## DISPOSITION

The order is affirmed.

 

_____
                       Richman, J.

We concur:


_____
Kline, P.J.


_____
Stewart, J.

*People v. McClary* (A158242)